## CLAPP *vs.* INGERSOL.

In *assumpsit* on a promissory note of more than six years standing, the defendant pleaded the statute of limitations.    The plaintiff to prove a new promise, offered to read to the jury an indorsement on the back of the note in his own hand writing, purporting to have been made prior to the time when the statute attached, which was objected to by the defendant.    *Held*, that as to the mere question of *order of time*, he might read such indorsement, without *first* showing that it was actually made at the time it purported to have been, or prior to the lapse of six years from the maturity of the note.

But *it seems* that such indorsement would be of no avail unless accompanied by some *other proof* of the payment.

ASSUMPSIT upon an account annexed to the writ, and two notes of hand payable in lumber.    The writ was dated *Dec.* 26, 1831.    The first note was dated *Oct.* 28, 1819, and was payable in *June*, 1820; upon which were two indorsements, one purporting to have been made *March* 18, 1825, and another *June* 20, 1827.    The other note was dated *Oct.* 14, 1823, payable in six months, on which was also an indorsement, *Oct.* 28, 1826.

The defendant pleaded the statute of limitations.

There was no controversy as to the account and the last note, except that the defendant contended that certain payments of lumber hereafter mentioned should go toward that note.

The plaintiff produced the first note, and to take the case out of the statute of limitations offered to read the indorsements

thereon, to which the defendant objected, unless the plaintiff first proved that the first indorsement was actually made within six years from the maturity of the note. This objection was overruled by the Court.

The plaintiff also proved a payment of lumber by the defendant to him in *Sept.* 1826, the price of which it was admitted was indorsed on the last note. He also proved a payment to him of lumber by the defendant, *May* 18, 1825, and another, *June* 20, 1827, the price of which two lots made the two indorsements on the first note; but he offered no evidence to show that the said indorsements, which were both in the handwriting of the plaintiff, were made at the time they purport to have been made. He further proved, that the defendant in *September* or *August*, 1831, admitted that he owed the plaintiff lumber, and promised to haul him a load.

The defendant contended, that no presumption should be raised from the circumstance of the indorsements appearing on the first note, that they were made at the time they purport to have been made, and that the payments, and admissions, and promises proved by the plaintiff, should be applied to the last note and to the account then open between the parties, and not to the first note.

The jury were instructed, that upon the evidence before them, they might presume that the several indorsements on the notes were made at the time they bear date, as the lumber was delivered at those times, the price of which was indorsed; and as no directions were given by the defendant, how the payments made, should be applied, the election was with *Clapp* how to apply them, whether by way of credit on the account, or on either note. The jury were also instructed that in aid of the presumption abovementioned they might consider the confession and promise of the defendant made in 1831.

A verdict was returned for the plaintiff for the amount of the account and both notes.

If this ruling and instruction was not correct, the verdict was to be set aside, and a new trial granted. If correct, judgment was to be rendered on the verdict.

Arguments were submitted in writing by *R. K. Porter*, for the defendant, and *E. L. Hamlin*, for the plaintiff.

For the defendant it was contended, that the indorsements upon the note of *Oct.* 28, 1819, especially the first indorsement, were improperly admitted as evidence for the consideration of the jury. The admission of indorsements on notes and bonds, in the hand-writing of the obligee, as evidence to rebut the statute of limitations, or the presumption of payment arising from lapse of time, is founded upon the supposition that no person will make a false statement against his own interest. But until it is first shewn that the statement is *against his interest,* the foundation of the rule is wanting. Without such evidence of its being against his interest, or in other words, without evidence that the indorsement was actually made before the statute of limitations attached, it amounts to nothing more than a party's own testimony in his own cause, and that without the solemnity of an oath. It is not more satisfactory than a *debit* in an account not sworn to, by a charge in which within six years it should be attempted to draw after it preceding charges so as to take them out of the statute; and not so satisfactory for that purpose, as a credit given within six years. Yet it is believed that even a credit within six years has never been held to have that effect, unless it appeared as a charge by the other party, or was proved by other evidence, as in *Davis* v. *Smith,* 4 *Greenl.* 337; *Catling* v. *Spaulding,* 6 *T. R.* 189; *Cogswell* v. *Dolliver,* 2 *Mass.* 217; in all which it was decided that the plaintiff's account and the defendant's offset, mutually took each other out of the statute. The *dictum* of *Judge Sedgwick* in the last cited case, must be understood as limited by the facts of that case, otherwise it is unsupported by authority, and is contradicted by *Cotes* v. *Harris,* cited with approbation in *Catling* v. *Spaulding;* also by *Buller's N. P.* 149.

That the admission of indorsements as evidence of a new promise is not to be permitted without proof that they were made at a time when it was against the party's interest to make them, may be cited 1 *Stark. Ev.* 310; *Phillip's Ev.* 114, *et seq. Rooseboom* v. *Billington,* 17 *Johns.* 182; *Rose* v. *Bryant,* 2 *Camp.* 323.

The establishment of a contrary doctrine would render insecure the rights of individuals against the machinations of dishonesty. *Richards* v. *Maryland Ins. Co.* 8 *Cranch,* 84

2. Whether the other evidence in this case was sufficient to take .the case out of the statute is not material for it was not submitted to the jury upon such ground, and it does not appear upon what principle they rendered their verdict. The jury should have been instructed to inquire whether the indorsement was made with the privity of the defendant, or whether the lumber, for the price of which the indorsement is admitted to have been made, was intended at the time by the defendant as a payment towards this note. .There is no pretence, other than by the indorsement itself, .that the appropriation was made by the plaintiff until after this note was barred by the statute of limitations. And the decisions are numerous, that where there are several demands, and a payment or new promise is made *generally*, it shall be applied to the demands which are not disputed. The question to the jury in such cases has been, whether there were *other demands* to which the payment or new promise could be applied. *Frost* v. *Bengough*, 1 *Bing.* 261 ; *Bailey* v. *Ld. Inchiquin*, 1 *Esp. Cas.* 435 ; 3 *Wend.* 532 ; *Whitney* v. *Bigelow*, 4 *Pick.* 110.

3. According to recent decisions there was not in any view of this case sufficient evidence of a new promise. *Crofton* v. *Mc-Lellan*, 6 *Greenl.* 348 ; *Porter* v. *Hill*, 4 *Greenl.* 41 ; *Bell* v. *Morrison*, 1 *Peters*, 351 ; *Frost* v. *Bengough*, before cited ; *Lloyd* v. *Maund*, 2 *T. R.* 760.

The plaintiff's counsel controverted the foregoing positions, and cited *Whitney* v. *Bigelow*, 4 *Pick.* 110 ; *Brewer* v. *Knapp & al.* 1 *Pick.* 337 ; *Copeland* v. *Wadleigh*, 7 *Greenl.* 141 ; *Springer* v. *Bowdoinham*, 7 *Greenl.* 442.

Mellen C. J. delivered the opinion of the Court.

The question is, whether upon the facts stated in the report and the ruling and instructions of the presiding Judge, the. plaintiff is entitled to judgment. The first objection is, that the Judge permitted certain indorsements on the *first* note declared on, to be read to the jury, before the plaintiff had offered any proof *when* the indorsements were actually made, or whether the *first* indorsement was made within six years from the maturity of the note. If the time *when* it was made were essential, and it could in no manner avail the plaintiff without such proof, then it could

be of no importance which was *first* proved ; the *indorsement itself,* or the *time when* it was made. If an action should be founded on a promissory note for the delivery of certain specific articles, on demand, would it be necessary to prove the demand before the note could be properly admissible in evidence ? The order of proceeding should be reversed. First, the *promise* should be proved, and then a *breach* of it by a refusal or neglect to deliver the specified articles on *demand* made. We perceive nothing exceptionable in the ruling of the judge in the above particular.

It is not necessary in this case to give any opinion upon the question, whether the appearance of an indorsement of a partial payment on the back of a promissory note within six years from and after its maturity, *unaccompanied by* any *other facts*, is legal evidence for the consideration of a jury, to prove payment of the sum indorsed, so as thereby to avoid the statute of limitations. On this point there is some disagreement between decided cases. The better opinion seems to be that such indorsement would not be legal evidence for such a purpose. In the case before us we are presented with several *additional* facts. One is the confession of the defendant in 1831, that he was indebted to the plaintiff, and owed him *lumber* and promised him a load ; both the notes declared on are payable *in lumber.* But there are other facts in the case which are clear and decisive. The present action was commenced on the 26*th* of *December*, 1831, and, as it is stated in the report, the plaintiff proved a *payment of lumber* in *September*, 1826, the price of which, it was admitted, was indorsed on the last note, and that he proved another *payment of lumber* by the defendant to him in *May*, 1825, and another in *June*, 1827, the *price* of which *two lots of lumber* made the *two indorsements* on the first note. It is true, no direct evidence was offered as to the time when either of the indorsements was made ; but that can be of no importance. Suppose no indorsements had been made, still the facts proved would have avoided the statute of limitations. If there had been proof that the indorsements had been made at the times they *appear* to have been made, they would only have been *strong presumptive* evidence of the payment of the sums specified ; and, yet *such* proof would have been

sufficient. *Rooseboom* v. *Billington,* 17 *Johns. R.* 183. 1 *Phil. Evi.* 122, *note a.* But in this case the sums indorsed, at least *one* sum on each note, was actually *paid* by the defendant; in lumber, to the plaintiff within six years next before the commencement of the action : that is, *one* was paid about four years and a half, and the *other* about five years before. Such payments amount to a new promise, and completely avoid the statute. It appears from the case that the plaintiff had the right of applying the payments (as the defendant gave no directions on the subject) and he applied them in the manner in which they are indorsed. We think the instructions of the Judge were correct; and accordingly there must be

*Judgment on the verdict.*